UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALEXANDER   #136531,

             Plaintiff,                       Case No.  05-73073

v.                                     District Judge Gerald E. Rosen
                                     Magistrate Judge R. Steven Whalen

ANDREW JACKSON, et al.,

             Defendants.
_____/

## REPORT AND RECOMMENDATION

On August 9, 2005, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C. §§1983, 1985 and 1986.  Before the Court is Defendants' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies [Docket #18], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons discussed below, I recommend that Defendant's Motion be GRANTED, and the Complaint DISMISSED WITHOUT PREJUDICE.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff's Complaint centers around his alleged exposure to environmental tobacco smoke at the Mound Correctional Facility.  He names as Defendants Andrew Jackson, the Warden of the Mound Facility; Clearance Powell, a Resident Unit Manager; and

-1-

Cynthia Gause, an Assistant Resident Unit Supervisor.  Plaintiff alleges that despite his complaints, these Defendants failed to enforce a no-smoking regulation in his housing unit, "allowing Plaintiff to be exposed to an excessive amount of Environmental Tobacco smoke (ETS), which was so grave that it violated contemporary standards of decency," in violation of the Eighth Amendment.  *Complaint*, ¶7.  Plaintiff states that he is a 52 year old male who suffers from hypertension and angular closure glaucoma.  *Id.*, ¶11.  He alleges that his exposure to excessive amounts of environmental tobacco smoke causes medical difficulties, "such as an increase in 'high blood pressure' rate, severe headaches, dizziness, and choking and coughing."  *Id.*, ¶12.

Plaintiff filed an administrative grievance related to the ETS problem, and has attached a copy of Grievance No. NRF-0411-01314-03C to his Complaint.  This grievance was appealed through the third and final step of the MDOC's administrative process.

The Defendants move to dismiss under 42 U.S.C. §1997e(a), arguing that although the Plaintiff appears to have exhausted his claim as to Defendant Powell, who was named at Step I, he has not exhausted as to the other two Defendants, and therefore the entire complaint must be dismissed under the "total exhaustion" rule.

## II.    EXHAUSTION

### A.    General Principles

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."   The exhaustion requirement is mandatory and

applies to all suits regarding prison conditions, regardless of the nature of the wrong or the

type of relief sought.   *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d

12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001).  In

*Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-

plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide

documentation showing exhaustion.  To satisfy the exhaustion requirement, an administrative

grievance must be factually specific as to both the person and the acts complained of.  If a

particular defendant has not been specifically named in a grievance, the claim as to that

defendant has not been exhausted.  In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth

Circuit adopted a bright line rule that a grievance must specifically  name the person who is

ultimately sued. In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis,* 196

F.3d 641, 644 (6th Cir. 1999), where the Court stated that "the importance of using the prison

grievance process [is] to alert prison officials to problems."

Exhaustion under § 1997a requires an inmate to complete all levels of the

administrative review process before filing an action in federal court.[1]  *See Freeman*, 196

F.3d at 645.  A prisoner "cannot abandon the process before completion and claim that he

has exhausted his remedies."  *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

Conversely, an inmate has not properly exhausted a claim against a prison official "if the first

---

[1]The MDOC has a three-tiered grievance review process, commencing with an initial
complaint at Step I, an appeal to Step II, and final administrative review at Step III.

-3-

allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process...."  *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

### B.    The Total Exhaustion Rule

In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir.  2005), the Sixth Circuit adopted a total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims:

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

*Jones-Bey* described two options available to a prisoner whose mixed complaint is dismissed: (1) wait until all claims are exhausted and re-file the action at that time, or (2) "simply institute an action with only the exhausted claims." *Id.*, 808.

In his dissenting opinion in *Jones-Bey*, Judge Clay questioned the validity of the majority opinion based on what he considered the *stare decisis* effect of *Hartsfield v. Vidor, supra*, an earlier case.  In Judge Clay's view, *Hartsfield* rejected a total exhaustion rule, instead permitting the dismissal without prejudice of only the unexhausted claims. Therefore, citing 6th Cir. Rule 206 ( c ) he stated that the *Hartsfield* precedent could only be overruled by an *en banc* decision.

Some district judges in both the Eastern and Western Districts of Michigan subsequently declined to apply a total exhaustion rule based on the reasoning of Judge Clay's

-4-

dissent in *Jones-Bey*. *See Spearman v. Kocot*, E.D. Mich. Case no. 02-73105 [Docket #76] (Tarnow, J.); *Porter v. Caruso*, 2005 WL 2679785 (W.D. Mich. 2005) (Enslen, J.). Recognizing this difference of opinion, a Sixth Circuit panel in *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir.2006), recently reiterated its commitment to *Jones-Bey* as well as its view that any inference to the contrary in *Hartsfield* was dicta:[2]

> "Even after *Jones Bey*, some confusion may have lingered as to this court's reading of the PLRA's exhaustion requirement in light of our decision in *Hartsfield*. Today we make clear that we continue to subscribe to the long-held standard that '[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'"...Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield*, that case did not address nor decide the issue so as to be binding upon this court. By contrast, *Jones Bey* definitively answered the question presented here and we now follow it." (Internal citations omitted).

Even more recently, on June 6, 2006, a panel of the Sixth Circuit consisting of Judges Moore, Clay and Cole held that *Jones-Bey* was in conflict with *Hartsfield* and *Burton v. Jones*, and that the law of the Circuit was that a partially exhausted complaint need not be dismissed in its entirety. *Spencer v. Bouchard*,__F.3d__ , 2006 WL 1528876 (6th Cir. 2006). Specifically, *Spencer* relied on footnote 2 of *Burton*, 321 F.3d at 574, where the court stated:

> "[T]he *Hartsfield* holding illustrates that a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under §1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant."

---

[2]In *Porter v. Caruso*,__F.Supp.2d__, 2006 WL 1233150 (W.D. Mich. 2006), Judge Enslen soundly criticized the Sixth Circuit's decision in *Rinard*, and continued to adhere to the view that *Hartsfield*, not *Jones-Bey*, is the correct precedent.

*Spencer* concluded that "there was no need for *Bey* to 'definitively answer' the question [of total exhaustion], as *Hartsfield* and *Burton*, taken together, had already done so." 2006 WL 1528876, *4.

Suffice it to say, then, that there is a divergence of views among both district judges and Circuit judges as to the relative *stare decisis* effect of *Jones-Bey* and *Hartsfield*. I myself have been critical of the total exhaustion rule in the past and declined to apply it prior to *Jones-Bey*. *See Hackett v. CMS, et.al.* (No. 02-74462, 9-25-03), in which Judge Roberts accepted my Report and Recommendation deconstructing the arguments for total exhaustion. Indeed, I cited *Hartsfield v. Vidor* in my R&R as indicative of where I thought the law was moving, but noted that "[t]here is [was] no controlling Sixth Circuit authority for the proposition that a complaint which contains some claims which are exhausted and others which are not is subject to dismissal in its entirety under 42 U.S.C. § 1997e(a)."

However, notwithstanding the *Spencer* decision, I disagree that the *Jones-Bey* total exhaustion rule is foreclosed by *Hartsfield*. While the result in *Hartsfield* might suggest or imply the inapplicability of a total exhaustion rule, the court did not address or in any way discuss that issue, nor does it appear that it was even raised. In *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), the Sixth Circuit explicitly stated that it would "reserve to another day" the resolution of the total exhaustion question. That day arrived with *Jones-Bey*.

Nor was the issue resolved in *Burton v. Jones*, as *Spencer* contends. In my Report and Recommendation in *Hackett*, I also referred to footnote 2 of *Burton*, but recognized that it

-6-

was not the holding of the case ("*Hartsfield* and *Burton* may well be dicta in terms of the total exhaustion rule; they may also be the handwriting on the wall."). Although the *Spencer* panel relied on and quoted footnote 2, it neglected to cite the following language from *Burton*, where the court expressly declined to address the total exhaustion question, rendering its discussion in footnote 2 pure dicta:

> "Because we have concluded that district court erred when it determined that Burton had not administratively exhausted his First Amendment retaliation claim against the defendants, *we do not need to reach the question of whether the district court erred when it dismissed Burton's entire lawsuit because Burton failed to exhaust the available administrative remedies with respect to one of his claims*."  321 F.3d at 577 (emphasis added).

Therefore, however much I might disagree with its reasoning, *Jones-Bey* controls, and however much I might endorse the result in *Spencer*, that case cannot overrule a prior Circuit decision.  *See Salmi v. Secretary of Health & Human Services*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel.  The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court or this Court sitting en banc overrules the prior decision.").

The Supreme Court will have the final word on the total exhaustion rule, having granted certiorari to consider the question in *Jones v. Bock*, 126 S.Ct. 1462 (3-6-06) and *Williams v. Overton*, 126 S.Ct. 1463 (3-6-06).  For the present, however, *Jones-Bey* is the law of this Circuit.

### III.   ANALYSIS

-7-

The Defendants allege that the Plaintiff properly named only Defendant Powell at Step I, and did not name Defendant Warden Jackson at all.

Attached to Plaintiff's Complaint is documentation as to Grievance No. NRF-0411-01314-03C.[3]  In his Step I form, including the Addendum, Plaintiff clearly complained about the problem of second-hand smoke in his housing unit and the staff's failure to address the problem.  His Step I complaint against Defendant Powell is quite specific: Plaintiff states that Powell "is not complying with state law, the executive order, [or] MDOC policy," that "RUM Powell is displaying deliberate indifference to my health and safety," and that "RUM

---

[3]Plaintiff filed an Addendum to his Step I grievance, but erroneously attached his Step II addendum to the Complaint.  However, the Defendants have attached all of the pertinent grievance documentation, including the correct Step I Addendum, to their Motion to Dismiss.  Under these circumstances, the fact that Plaintiff may have inadvertently omitted one grievance document does not run afoul of the PLRA's rule that he must provide documentary evidence of exhaustion or of the rule set forth in *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002).  *Baxter* does not hold that  plaintiffs who fail to attach complete grievance documentation to their original complaints are subject to automatic dismissal under § 1997e(a), or that they may not submit additional proof of exhaustion at a later date, *so long as exhaustion has been properly pled*.  In *Baxter*, the Plaintiff simply failed to plead exhaustion, and the Sixth Circuit held that he could not correct this omission by amending his complaint.

Judge Lawson addressed this issue at length in *Casarez v. Mars*, 2003 WL 21369255 at *5-*6 (E.D. Mich. 2003), where he held that a plaintiff who has clearly pled exhaustion in the complaint may be permitted to submit documentation at a later date so long as he "did not employ the artifice of ambiguous pleading to cover up a failure to exhaust administrative remedies."  Even though the Step I Addendum in the present case was provided by the Defendants rather the Plaintiff, the *Cazarez* rationale applies.  The Plaintiff properly pled exhaustion, and he is not seeking to amend his Complaint.  It does not appear that Plaintiff has employed "the artifice of ambiguous pleading to cover up a failure to exhaust," but rather that he inadvertently filed the wrong document.  The Defendants do not dispute that the documents they provided were processed through all three steps of the administrative procedure.

-8-

Powell owes me a duty to sure I am not at risk for future health problems." His complaint against Defendant Gause is less specific, consisting of the following statement in the Step I Addendum:

> "I spoke to Officer Walls to find out who was responsible for assuring that no smoking in the unit was being done and I was informed that both RUM Powell, and ARUS Gause were the supervisors to make sure that no smoking was being done in 400-A"

Defendant Gause contends that the claim against her was not properly exhausted at Step I because "[a]lthough defendant Gause is mentioned in passing at Step I, the grievance is not directed toward her." *Brief in Support of Motion to Dismiss*, pp. 5, 8.[4] Defendants concede that both Powell and Gause were named at Step II. *Id.*, p.8.

I disagree that Defendant Gause was not properly grieved at Step I. Although the allegations against her were not set forth with the degree of specificity Plaintiff used to describe Powell's conduct, this *pro se* inmate's Step I grievance and addendum were sufficient to give the prison authorities fair notice of the claim against Gause. In *Burton v. Jones*, *supra*, 321 F.3d at 575, the Sixth Circuit held that it "would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." Rather, a grievance would be factually sufficient as to the nature of the claim if it "gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a

---

[4]Defendants did not number the pages of their brief. The Court therefore construes the first page after the cover page ("Concise Statement of Issues Presented") as page 1.

defendant in a prisoner's complaint."

Here, the Step I grievance stated that Plaintiff was being exposed to environmental tobacco smoke in violation of MDOC policy, and that ARUS Gause was one of the supervisors "to make sure that no smoking was being done in 400-A." That Powell's conduct was described in greater detail does not negate the fact that the prison was given fair notice as to both the nature of the claim and Defendant Gause's responsibilities with regard to ensuring that the no-smoking policy was enforced.

I therefore find that the Plaintiff has properly exhausted his claims against Defendants Powell and Gause through all three steps of the MDOC's administrative grievance procedure.

However, Defendants correctly point out that Defendant Warden Jackson was not named at Step I or Step II. If a defendant has not been named at Step I, he has not been exhausted. *Burton v. Jones, supra*. Under the total exhaustion rule of *Jones-Bey*, this omission is fatal to Plaintiff's Complaint.

In his response to this motion, Plaintiff argues that *Jones-Bey* should not applied retroactively to him. However, *Jones-Bey* was decided on April 27, 2005. This Complaint was filed more than three months later, on August 9, 2005. Therefore, it is not necessary to address the question of whether *Jones-Bey* is retroactive to cases that were pending when the decision was issued, because Plaintiff's Complaint was filed well after the total exhaustion rule became the law of this Circuit.

Plaintiff also states that he has begun the grievance process anew, and has submitted

-10-

with his response a Step III appeal (Grievance No. NRF-0511-1381-03C) that is still pending administrative decision. He suggests that rather than dismissing his Complaint, proceedings in this Court should be stayed pending his completion of administrative remedies. However, the Sixth Circuit has clearly held that a prisoner "may not exhaust administrative remedies during the pendency of a lawsuit." *Freeman v. Francis, supra*, 196 F.3d at 645.

Therefore, Defendants' motion to dismiss must be granted, and the Complaint dismissed without prejudice. The Plaintiff will then have the option of refiling his Complaint after he has fully exhausted all claims against all Defendants, or simply refiling as to only Jackson and Guase, the exhausted Defendants.

## IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Docket #18] be GRANTED, and the Complaint DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 9, 2006.

S/Gina Wilson  
Case Manager

-12-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES ALEXANDER  #136531,

             Plaintiff,                          Case No.  05-73073

v.                                               District Judge Gerald E. Rosen
                                                 Magistrate Judge R. Steven Whalen

ANDREW JACKSON, et al.,

             Defendants.
_____/

## REPORT AND RECOMMENDATION

On August 9, 2005, Plaintiff, a prison inmate in the custody of the Michigan
Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C.
§§1983, 1985 and 1986.  Before the Court is Defendants' Motion to Dismiss for Failure to
Establish Exhaustion of Administrative Remedies [Docket #18], which has been referred for
a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons
discussed below, I recommend that Defendant's Motion be GRANTED, and the Complaint
DISMISSED WITHOUT PREJUDICE.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff's Complaint centers around his alleged exposure to environmental
tobacco smoke at the Mound Correctional Facility.  He names as Defendants Andrew
Jackson, the Warden of the Mound Facility; Clearance Powell, a Resident Unit Manager; and

-1-

Cynthia Gause, an Assistant Resident Unit Supervisor.  Plaintiff alleges that despite his complaints, these Defendants failed to enforce a no-smoking regulation in his housing unit, "allowing Plaintiff to be exposed to an excessive amount of Environmental Tobacco smoke (ETS), which was so grave that it violated contemporary standards of decency," in violation of the Eighth Amendment. *Complaint*, ¶7.  Plaintiff states that he is a 52 year old male who suffers from hypertension and angular closure glaucoma. *Id.*, ¶11.  He alleges that his exposure to excessive amounts of environmental tobacco smoke causes medical difficulties, "such as an increase in 'high blood pressure' rate, severe headaches, dizziness, and choking and coughing." *Id.*, ¶12.

Plaintiff filed an administrative grievance related to the ETS problem, and has attached a copy of Grievance No. NRF-0411-01314-03C to his Complaint.  This grievance was appealed through the third and final step of the MDOC's administrative process.

The Defendants move to dismiss under 42 U.S.C. §1997e(a), arguing that although the Plaintiff appears to have exhausted his claim as to Defendant Powell, who was named at Step I, he has not exhausted as to the other two Defendants, and therefore the entire complaint must be dismissed under the "total exhaustion" rule.

## II.   EXHAUSTION

### A.   General Principles

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001). In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion. To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts complained of. If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted. In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit adopted a bright line rule that a grievance must specifically name the person who is ultimately sued. In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis,* 196 F.3d 641, 644 (6th Cir. 1999), where the Court stated that "the importance of using the prison grievance process [is] to alert prison officials to problems."

Exhaustion under § 1997a requires an inmate to complete all levels of the administrative review process before filing an action in federal court.[1] *See Freeman*, 196 F.3d at 645. A prisoner "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Conversely, an inmate has not properly exhausted a claim against a prison official "if the first

---

[1]The MDOC has a three-tiered grievance review process, commencing with an initial complaint at Step I, an appeal to Step II, and final administrative review at Step III.

allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process...."   *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

### B.    The Total Exhaustion Rule

In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit adopted a total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims:

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

*Jones-Bey* described two options available to a prisoner whose mixed complaint is dismissed: (1) wait until all claims are exhausted and re-file the action at that time, or (2) "simply institute an action with only the exhausted claims." *Id.*, 808.

In his dissenting opinion in *Jones-Bey*, Judge Clay questioned the validity of the majority opinion based on what he considered the *stare decisis* effect of *Hartsfield v. Vidor, supra*, an earlier case.  In Judge Clay's view, *Hartsfield* rejected a total exhaustion rule, instead permitting the dismissal without prejudice of only the unexhausted claims. Therefore, citing 6th Cir. Rule 206 ( c ) he stated that the *Hartsfield* precedent could only be overruled by an *en banc* decision.

Some district judges in both the Eastern and Western Districts of Michigan subsequently declined to apply a total exhaustion rule based on the reasoning of Judge Clay's

-4-

dissent in *Jones-Bey*. *See Spearman v. Kocot*, E.D. Mich. Case no. 02-73105 [Docket #76] (Tarnow, J.); *Porter v. Caruso*, 2005 WL 2679785 (W.D. Mich. 2005) (Enslen, J.). Recognizing this difference of opinion, a Sixth Circuit panel in *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir.2006), recently reiterated its commitment to *Jones-Bey* as well as its view that any inference to the contrary in *Hartsfield* was dicta:[2]

> "Even after *Jones Bey*, some confusion may have lingered as to this court's reading of the PLRA's exhaustion requirement in light of our decision in *Hartsfield*. Today we make clear that we continue to subscribe to the long-held standard that '[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'"...Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield*, that case did not address nor decide the issue so as to be binding upon this court. By contrast, *Jones Bey* definitively answered the question presented here and we now follow it." (Internal citations omitted).

Even more recently, on June 6, 2006, a panel of the Sixth Circuit consisting of Judges Moore, Clay and Cole held that *Jones-Bey* was in conflict with *Hartsfield* and *Burton v. Jones*, and that the law of the Circuit was that a partially exhausted complaint need not be dismissed in its entirety. *Spencer v. Bouchard*,__F.3d__ , 2006 WL 1528876 (6th Cir. 2006). Specifically, *Spencer* relied on footnote 2 of *Burton*, 321 F.3d at 574, where the court stated:

> "[T]he *Hartsfield* holding illustrates that a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under §1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant."

---

[2]In *Porter v. Caruso*,__F.Supp.2d__, 2006 WL 1233150 (W.D. Mich. 2006), Judge Enslen soundly criticized the Sixth Circuit's decision in *Rinard*, and continued to adhere to the view that *Hartsfield*, not *Jones-Bey*, is the correct precedent.

*Spencer* concluded that "there was no need for *Bey* to 'definitively answer' the question [of total exhaustion], as *Hartsfield* and *Burton*, taken together, had already done so." 2006 WL 1528876, *4.

Suffice it to say, then, that there is a divergence of views among both district judges and Circuit judges as to the relative *stare decisis* effect of *Jones-Bey* and *Hartsfield*.  I myself have been critical of the total exhaustion rule in the past and declined to apply it prior to *Jones-Bey*.  *See Hackett v. CMS, et.al.* (No. 02-74462, 9-25-03), in which Judge Roberts accepted my Report and Recommendation deconstructing the arguments for total exhaustion. Indeed, I cited *Hartsfield v. Vidor* in my R&R as indicative of where I thought the law was moving, but noted that "[t]here is [was] no controlling Sixth Circuit authority for the proposition that a complaint which contains some claims which are exhausted and others which are not is subject to dismissal in its entirety under 42 U.S.C. § 1997e(a)."

However, notwithstanding the *Spencer* decision, I disagree that the *Jones-Bey* total exhaustion rule is foreclosed by *Hartsfield*.  While the result in *Hartsfield* might suggest or imply the inapplicability of a total exhaustion rule, the court did not address or in any way discuss that issue, nor does it appear that it was even raised.  In *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), the Sixth Circuit explicitly stated that it would "reserve to another day" the resolution of the total exhaustion question.  That day arrived with *Jones-Bey*.

Nor was the issue resolved in *Burton v. Jones*, as *Spencer* contends.  In my Report and Recommendation in *Hackett*, I also referred to footnote 2 of *Burton*, but recognized that it

-6-

was not the holding of the case ("*Hartsfield* and *Burton* may well be dicta in terms of the total exhaustion rule; they may also be the handwriting on the wall.").  Although the *Spencer* panel relied on and quoted footnote 2, it neglected to cite the following language from *Burton*, where the court expressly declined to address the total exhaustion question, rendering its discussion in footnote 2 pure dicta:

> "Because we have concluded that district court erred when it determined that Burton had not administratively exhausted his First Amendment retaliation claim against the defendants, *we do not need to reach the question of whether the district court erred when it dismissed Burton's entire lawsuit because Burton failed to exhaust the available administrative remedies with respect to one of his claims*."  321 F.3d at 577 (emphasis added).

Therefore, however much I might disagree with its reasoning, *Jones-Bey* controls, and however much I might endorse the result in *Spencer*, that case cannot overrule a prior Circuit decision.  *See Salmi v. Secretary of Health & Human Services*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel.  The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court or this Court sitting en banc overrules the prior decision.").

The Supreme Court will have the final word on the total exhaustion rule, having granted certiorari to consider the question in *Jones v. Bock*, 126 S.Ct. 1462 (3-6-06) and *Williams v. Overton*, 126 S.Ct. 1463 (3-6-06).  For the present, however, *Jones-Bey* is the law of this Circuit.

### III.   ANALYSIS

-7-

The Defendants allege that the Plaintiff properly named only Defendant Powell at Step I, and did not name Defendant Warden Jackson at all.

Attached to Plaintiff's Complaint is documentation as to Grievance No. NRF-0411-01314-03C.[3] In his Step I form, including the Addendum, Plaintiff clearly complained about the problem of second-hand smoke in his housing unit and the staff's failure to address the problem. His Step I complaint against Defendant Powell is quite specific: Plaintiff states that Powell "is not complying with state law, the executive order, [or] MDOC policy," that "RUM Powell is displaying deliberate indifference to my health and safety," and that "RUM

---

[3]Plaintiff filed an Addendum to his Step I grievance, but erroneously attached his Step II addendum to the Complaint. However, the Defendants have attached all of the pertinent grievance documentation, including the correct Step I Addendum, to their Motion to Dismiss. Under these circumstances, the fact that Plaintiff may have inadvertently omitted one grievance document does not run afoul of the PLRA's rule that he must provide documentary evidence of exhaustion or of the rule set forth in *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002). *Baxter* does not hold that plaintiffs who fail to attach complete grievance documentation to their original complaints are subject to automatic dismissal under § 1997e(a), or that they may not submit additional proof of exhaustion at a later date, *so long as exhaustion has been properly pled*. In *Baxter*, the Plaintiff simply failed to plead exhaustion, and the Sixth Circuit held that he could not correct this omission by amending his complaint.

Judge Lawson addressed this issue at length in *Casarez v. Mars*, 2003 WL 21369255 at *5-*6 (E.D. Mich. 2003), where he held that a plaintiff who has clearly pled exhaustion in the complaint may be permitted to submit documentation at a later date so long as he "did not employ the artifice of ambiguous pleading to cover up a failure to exhaust administrative remedies." Even though the Step I Addendum in the present case was provided by the Defendants rather the Plaintiff, the *Cazarez* rationale applies. The Plaintiff properly pled exhaustion, and he is not seeking to amend his Complaint. It does not appear that Plaintiff has employed "the artifice of ambiguous pleading to cover up a failure to exhaust," but rather that he inadvertently filed the wrong document. The Defendants do not dispute that the documents they provided were processed through all three steps of the administrative procedure.

-8-

Powell owes me a duty to sure I am not at risk for future health problems."  His complaint against Defendant Gause is less specific, consisting of the following statement in the Step I Addendum:

> "I spoke to Officer Walls to find out who was responsible for assuring that no smoking in the unit was being done and I was informed that both RUM Powell, and ARUS Gause were the supervisors to make sure that no smoking was being done in 400-A"

Defendant Gause contends that the claim against her was not properly exhausted at Step I because "[a]lthough defendant Gause is mentioned in passing at Step I, the grievance is not directed toward her."  *Brief in Support of Motion to Dismiss*, pp. 5, 8.[4]  Defendants concede that both Powell and Gause were named at Step II.  *Id.*, p.8.

I disagree that Defendant Gause was not properly grieved at Step I.  Although the allegations against her were not set forth with the degree of specificity Plaintiff used to describe Powell's conduct, this *pro se* inmate's Step I grievance and addendum were sufficient to give the prison authorities fair notice of the claim against Gause.  In *Burton v. Jones*, *supra*, 321 F.3d at 575, the Sixth Circuit held that it "would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory."  Rather, a grievance would be factually sufficient as to the nature of the claim if it "gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a

---

[4]Defendants did not number the pages of their brief.  The Court therefore construes the first page after the cover page ("Concise Statement of Issues Presented") as page 1.

defendant in a prisoner's complaint."

Here, the Step I grievance stated that Plaintiff was being exposed to environmental tobacco smoke in violation of MDOC policy, and that ARUS Gause was one of the supervisors "to make sure that no smoking was being done in 400-A."  That Powell's conduct was described in greater detail does not negate the fact that the prison was given fair notice as to both the nature of the claim and Defendant Gause's responsibilities with regard to ensuring that the no-smoking policy was enforced.

I therefore find that the Plaintiff has properly exhausted his claims against Defendants Powell and Gause through all three steps of the MDOC's administrative grievance procedure.

However, Defendants correctly point out that Defendant Warden Jackson was not named at Step I or Step II.  If a defendant has not been named at Step I, he has not been exhausted.  *Burton v. Jones, supra*.  Under the total exhaustion rule of *Jones-Bey*, this omission is fatal to Plaintiff's Complaint.

In his response to this motion, Plaintiff argues that *Jones-Bey* should not applied retroactively to him.  However, *Jones-Bey* was decided on April 27, 2005.  This Complaint was filed more than three months later, on August 9, 2005.  Therefore, it is not necessary to address the question of whether *Jones-Bey* is retroactive to cases that were pending when the decision was issued, because Plaintiff's Complaint was filed well after the total exhaustion rule became the law of this Circuit.

Plaintiff also states that he has begun the grievance process anew, and has submitted

-10-

with his response a Step III appeal (Grievance No. NRF-0511-1381-03C) that is still pending administrative decision.  He suggests that rather than dismissing his Complaint, proceedings in this Court should be stayed pending his completion of administrative remedies.  However, the Sixth Circuit has clearly held that a prisoner "may not exhaust administrative remedies during the pendency of a lawsuit."  *Freeman v. Francis, supra*, 196 F.3d at 645.

Therefore, Defendants' motion to dismiss must be granted, and the Complaint dismissed without prejudice.  The Plaintiff will then have the option of refiling his Complaint after he has fully exhausted all claims against all Defendants, or simply refiling as to only Jackson and Guase, the exhausted Defendants.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Docket #18] be GRANTED, and the Complaint DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit*

-11-

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 9, 2006.

S/Gina Wilson
Case Manager

-12-