UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALEXANDER #136531,

        Plaintiff,                           Case No. 05-73073

v.                                         District Judge Gerald E. Rosen
                                          Magistrate Judge R. Steven Whalen

ANDREW JACKSON, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING
MOTION TO AMEND COMPLAINT**

Before the Court is Plaintiff's motion to amend complaint [Docket #32]. On August 9, 2005, Plaintiff, a *pro se* prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed a civil rights complaint, pursuant to 42 U.S.C. §1983. On February 4, 2008, the present case was consolidated with *Alexander v. Powell*, no. 06-13537, which was filed on August 8, 2006.[1] On January 22, 2008, I filed a

---

[1] These two cases are, in fact, one in the same, involving the same claims against two of the same Defendants. On July 14, 2006, the present case was dismissed without prejudice based on the "total exhaustion rule" that the Supreme Court subsequently rejected in *Jones v. Bock,* --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Given that dismissal, the Plaintiff re-filed his case on August 8, 2006, under Docket No. 06-13537 (*Alexander v. Powell*), naming only those two Defendants who had been exhausted (Clarence Powell and Cynthia Gause). The third Defendant in the present case–Warden Andrew Jackson–was not named in the 2006 case. On March 15, 2007, in view of *Jones v. Bock*, the Court granted Plaintiff's motion for reconsideration and re-opened the

-1-

Report and Recommendation in docket no. 06-13537, recommending that the complaint be dismissed. Objections to that Report and Recommendation are pending.

The original complaint alleges violation of the Eighth and Fourteenth Amendments, as well as the Michigan Clean Indoor Air Act, based on Plaintiff's exposure to environmental tobacco smoke (ETS). The events in question are alleged to have occurred in 2004. Plaintiff seeks to amend his complaint to add a count of retaliation. Specifically, he alleges that in May of 2007, he was transferred from the Mound Correctional Facility in Detroit, Michigan to the Gus Harrison Correctional Facility, which is approximately 75 miles from Detroit, in retaliation for having filed the original lawsuit in 2005, and the second (now consolidated) complaint in 2006.

Despite the general rule of liberality with which leave to file amended complaints is to be granted, *see* Fed.R.Civ.P. 15(a), the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

Plaintiff's motion to amend his complaint must be denied as futile, for two reasons. First, his new allegations of retaliation, unrelated to the substantive basis of his underlying Eighth Amendment ETS claim, have not been exhausted, as required by 42

---

present case [Doc. #31].

U.S.C. §1997e(a). The Court is well aware that under *Jones v. Bock, supra*, a plaintiff does not have to plead exhaustion in his complaint, and that exhaustion is an affirmative defense. Nevertheless, the statute still requires exhaustion. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001). In their response to the motion to amend, the Defendants have submitted affidavits and documents clearly showing that Plaintiff did not exhaust his retaliation claim through all three steps of the MDOC grievance procedure. Having affirmatively made that showing, the burden of production shifts to the Plaintiff to show that he did, in fact, properly exhaust his retaliation claim. However, the Plaintiff has not filed a reply or any documentary evidence showing exhaustion.

Secondly, Plaintiff's retaliation claim would not survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502

F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

In *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit held that a retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Filing a lawsuit is clearly protected conduct; therefore, Plaintiff has satisfied the first prong of *Thaddeus-X*. However, his transfer from one Level II facility (the Mound Facility) to another Level II facility (the Gus Harrison Facility) is not an adverse action. In general, a prisoner has no constitutional right to be confined in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). *Siggers-El v. Barlow,* 412 F.3d 693, 701 (6th Cir. 2005) states that although "ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct," it may nonetheless found to be adverse action under certain circumstances. In *Thaddeus-X*, for example, the Court noted that '[i]n the prison context, an action comparable to transfer to administrative segregation would certainly be adverse." *Id.*, 175 F.3d at 396. The conditions complained of and found to establish "adverse action" in *Thaddeus-X* included, in addition to harassment and physical threats, a transfer to the area of the prison used to house mentally disturbed inmates, which was

alleged to have truly horrific conditions.[2]

By contrast, the Plaintiff in the present case was laterally transferred from one Level II facility to another. *See Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir. 1995) ("The transfer here was to another level II facility; the fact that a prisoner may not like a certain prison location does not automatically transform a valid transfer into a constitutional violation."). The distance between the two prisons is only 75 miles, and medical care–either in the prison or in the community–is available at both institutions. The proposed retaliation count therefore fails the objective "adverse action" test of *Thaddeus-X*.

Nor has Plaintiff plausibly shown a causal connection between his filing of the lawsuits and his transfer. Indeed, the length of time between filing the initial complaint in 2005 and his transfer in 2007 attenuates any temporal inference of retaliation. *See Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (five months between filing complaint and alleged retaliatory conduct negates any inference of retaliation); *Kelly v. Municipal Courts*, 97 F.3d 902, 912 (7th Cir. 1996) (four month span between protected conduct and alleged adverse action attenuates inference of retaliation).

---

[2] The Court listed the following allegations of unhealthy and unpleasant conditions in the unit to which the plaintiff was transferred: "...that the mentally ill prisoners throw human waste and urine at each other and at guards making X afraid to leave his cell, that the foul odor is constant and made X ill and unable to eat, that the other prisoners flood the gallery with water and bang their footlockers so loudly that X cannot sleep, that the adjacent prisoner urinates through the door of his cell and refuses to bathe or flush his toilet, and that this area of the prison is cleaned only on the rare occasions when 'deputies or a tour' are expected." *Id.*, 175 F.3d at 354.

Thus, Plaintiff has not set forth a plausible retaliation claim that could survive a Rule 12(b)(6) motion. Accordingly, the proposed amendment would be futile.

For all of the above reasons, Plaintiff's motion to amend his complaint [Docket #32] is DENIED.

SO ORDERED.


                            s/R. Steven Whalen
                            UNITED STATES MAGISTRATE JUDGE

Dated: February 27, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 27, 2008.

                            s/Susan Jefferson
                            Case Manager