UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES ALEXANDER   #136531,

        Plaintiff,                       Case No.  05-73073

v.                                District Judge Gerald E. Rosen
                                Magistrate Judge R. Steven Whalen


ANDREW JACKSON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Andrew Jackson's Motion for Summary Judgment

[Docket #47], which has been referred for a Report and Recommendation pursuant to 28

U.S.C. §636(b)(1)(B).  For the reasons discussed below, I recommend that Defendant's

motion be GRANTED, and the case DISMISSED WITH PREJUDICE.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a prison inmate in the custody of the Michigan Department of

Corrections (MDOC), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983,

alleging violation of his Eighth Amendment rights as a result of the Defendants' failure to

enforce a no-smoking policy.  Plaintiff alleges that he suffers from high blood pressure

and glaucoma, and that environmental tobacco smoke (ETS) aggravates those conditions.

He named as Defendant two individual Corrections Officer, Powell and Gause, and the

-1-

Warden of the institution, Andrew Jackson.

On February 4, 2008, I ordered this case consolidated with *Alexander v. Powell*,

Docket No. 06-13537, pursuant to Fed.R.Civ.P. 42(a). *See* Document #27. I explained

the reason for consolidation as follows:

"The present case and *Alexander v. Powell*, Docket #06-13537, are, in fact,
one in the same, involving the same claims against two of the same
Defendants. On July 14, 2006, the present case was dismissed without
prejudice based on the "total exhaustion rule" that the Supreme Court
subsequently rejected in *Jones v. Bock,* --- U.S. ----, 127 S.Ct. 910, 166
L.Ed.2d 798 (2007). Given that dismissal, the Plaintiff re-filed his case on
August 8, 2006, under Docket No. 06-13537 (*Alexander v. Powell*), naming
only those two Defendants who had been exhausted (Clarence Powell and
Cynthia Gause). The third Defendant in the present case–Warden Andrew
Jackson–was not named in the 2006 case. On March 15, 2007, in view of
*Jones v. Bock*, the Court granted Plaintiff's motion for reconsideration and
re-opened the present case [Doc. #31]."

In Docket No. 06-13537, I filed a Report and Recommendation (R&R) on January

22, 2008, recommending that summary judgment be granted to Defendants Powell and

Gause. On February 27, 2008, District Judge Rosen adopted that R&R, and entered

judgment in favor of Defendants Gause and Powell.

As to the present case and Defendant Jackson, the Order of Consolidation

[Document #27] stated as follows:

"The R&R filed in 06-13537 does not address Defendant Jackson.
Although the analysis in the R&R would suggest that Warden Jackson has
no §1983 liability, it is only fair to give the parties the opportunity to
explicitly address that question. Therefore, the parties are directed to brief
the issue of whether Defendant Jackson should be dismissed or granted
summary judgment, in case no. 05-73037...."

On February 19, 2008, Defendant Jackson filed the present Motion for Summary

Judgment [Docket #30].  Plaintiff has not responded.

## II.  DISCUSSION

In my Report and Recommendation in Docket #06-13537, which was adopted by

the District Judge, I set forth the relevant facts, as well as the legal authority supporting

my conclusion that the Plaintiff had failed to demonstrate a genuine issue of material fact

regarding his Eighth Amendment claim of deliberate indifference to his medical needs.  I

similarly recommended summary judgment to Defendants on Plaintiff's claims under the

Michigan Clean Indoor Air Act, M.C.L. § 333.12607(a).   I have appended that Report

and Recommendation hereto, and, in addition to the principle of *res judicata*, again find

that Plaintiff has failed to show an Eighth Amendment or Michigan statutory violation.

Plaintiff's claim against Defendant Jackson, the Warden of the institution, is

premised on supervisory liability and/or failure to train.  In  *Monell v. Department of*

*Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978),

the Supreme Court specifically held that in a §1983 action, liability cannot be based on a

theory of *respondeat superior*, or mere supervisory liability.  *See also Bellamy v. Bradley,*

729 F.2d 416, 421 (6th Cir.  1984)(at a minimum, a § 1983 plaintiff must show that a

supervisory official at least impliedly authorized, approved and knowingly acquiesced in

the unconstitutional conduct of the offending subordinate).  Supervisory liability under §

1983 is precluded even if the supervising entity is aware of improper activity of its

subordinates and fails to act; it must be shown that the supervisory officials "actively

participated in or authorized" the illegal activity.  *Poe v. Haydon*, 853 F.2d 418, 429 (6th

Cir. 1988); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Bellamy, supra*.

First and foremost, if his subordinates–Powell and Gause–have committed no constitutional violation, then *ipso facto* Defendant Jackson can have no supervisory liability. In addition, although I granted the Plaintiff until March 3, 2008 to file a response to the present motion, he has not done so. Thus, the Court has nothing before it indicating that Jackson was personally involved in any constitutional violation or that he has any direct liability under §1983.

## III. CONCLUSION

I therefore recommend that Defendant Jackson's Motion for Summary Judgment [Docket #47] be GRANTED, and the Complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

*Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate

Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court. The

response shall address specifically, and in the same order raised, each issue contained

within the objections.

<div style="margin-left: 45%;">
s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE
</div>

Dated: May 1, 2008

<div style="text-align: center;">CERTIFICATE OF SERVICE</div>

The undersigned certifies that a copy of the foregoing order was served on the attorneys
and/or parties of record by electronic means or U.S. Mail on May 1, 2008.

<div style="margin-left: 45%;">
s/Susan Jefferson<br>
Case Manager
</div>

<div style="text-align: center;">

**APPENDIX**

**Report and Recommendation in**
***Jackson v. Powell*, Docket #06-13537**

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES ALEXANDER,

               Plaintiff,                        Case No.  06-13537

v.                                      District Judge Gerald E.  Rosen
                                             Magistrate Judge R.  Steven Whalen

CLARENCE POWELL, et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion for Summary Judgment [Docket #10], which

has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, I recommend that the motion be GRANTED, and the

Complaint DISMISSED WITH PREJUDICE.

### I.   FACTS

Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections

(MDOC), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging violation

of his Eighth Amendment rights as a result of the Defendants' failure to enforce a no-

smoking policy.  Plaintiff alleges that he suffers from high blood pressure and glaucoma, and

that environmental tobacco smoke (ETS) aggravates those conditions.

Plaintiff states that he complained about ETS numerous times between May of 2003

and August of 2005. *Complaint*, ¶ 11. He specifically complained to Defendants Powell and Gause, both MDOC supervisors. *Id.* ¶ 12. Plaintiff states that on May 3, 2004, the unit in which he was housed at Mound Correctional Facility was designated a non-smoking unit. *Id.* ¶ 17. Nevertheless, he alleges, people continued to smoke, and although he complained, nothing was done about it. *Id.* ¶¶ 18-21.

Plaintiff alleges that on November 1, 2004, when there was excessive smoke in the lower level area of his unit, he asked an Officer Walls who was in charge of enforcing the no-smoking rule, and was told that Defendants Powell and Gause were the people to complaint to. *Id.* ¶ 22. Plaintiff states that he asked to see both Defendants, but they refused to discuss the matter with him. *Id.* ¶ 23. Plaintiff states that several prisoners who were smokers were moved into his unit, in rooms surrounding his. *Id.* ¶ 31.

Plaintiff brings § 1983 claims under the Eighth and Fourteenth Amendments, as well as a state law claim under the Clean Indoor Air Act, M.C.L. 333.12601, *et.seq.*

In moving for summary judgment, Defendants state that smoking is not permitted in any MDOC facility, although inmates may smoke outdoors. However, in "tobacco-free units," inmates are not permitted to purchase or possess any smoking materials.

By affidavit, Defendant Powell states that on May 3, 2004, the lower level of unit 400-A (where Plaintiff was housed) was designated "tobacco-free," and that if a prisoner in that section were caught smoking, he would be ticketed and moved from the unit as soon as space elsewhere became available. *Powell Affidavit*, *Motion, Exhibit 1*, ¶ 5. Powell denies that he refused to speak with Plaintiff on November 1, 2004, but states that he did speak with

Plaintiff on another occasion, explaining to him that "we were doing what we could to resolve the problem." *Id.* ¶¶ 7, 8. He states that Plaintiff never gave him the name of any particular prisoner who was smoking. *Id.*

Appended to Powell's affidavit is a minor misconduct log (Exhibit 1-A) and a chart summarizing smoking tickets and dispositions at Mound Correctional Facility (Exhibit 1-B), between October, 2003 and May, 2005. A total of 46 smoking tickets were issued, and four of those originated in Plaintiff's unit. All four offenders were eventually transferred out of the unit.

In her affidavit, Defendant Gause confirms that the MDOC has a no-smoking policy, and states that there are 8" by 8" no-smoking signs affixed to the wall, adjacent to the entry door of each housing unit. In addition, she says, there are red lines on the sidewalks 20 feet away from each unit, "to remind prisoners, and staff, that no smoking is to occur within 20 feet of the unit." *Gause Affidavit, Motion Exhibit 2*, ¶ 3. Gause states that she enforced the no-smoking rule in Plaintiff's unit, and "[d]isciplinary procedures were followed and documented." *Id*. ¶ 6. She states, "While making regular rounds, I looked for evidence of smoking paraphernalia in the tobacco-free cells. Staff officers also performed routine, random searches of 12 cells per day in Unit 400A" (Plaintiff's unit). *Id.* ¶ 7. Referring to the Minor Misconduct Log, Gause indicates that prisoners assigned to a tobacco-free cell who were found guilty of smoking were placed on a list to be moved out of the unit as soon as bed space elsewhere became available. *Id.* ¶ 8.

Defendant Gause denies that she refused to speak to Plaintiff on November 1, 2004,

adding, "Plaintiff did not sign the callout sheet to see me, thus I was unaware that he wanted to see me." *Id.* ¶ 10.[1]

In his response to the Motion for Summary Judgment, Plaintiff has submitted not only his own affidavit, but affidavits from other inmates in his unit, stating that smoking was prevalent, and there were high levels of ETS.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).  Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

---

[1] In his own affidavit in response to the Motion for Summary Judgment, Plaintiff states, at ¶ 12, that on November 1, 2004 there was no sign-up sheet available to see Powell or Gause.

the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

Plaintiff claims a violation of his Eighth and Fourteenth Amendment rights based on exposure to environmental tobacco smoke (ETS).

A viable Eighth Amendment claim has both an objective and subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir. 1992). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock v. McCrary,*

273 F.3d 693, 702 (6th Cir. 2002). Under the subjective component, Plaintiff must prove that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 630 (1976). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* at 847; *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (reiterating the *Farmer* holding that prison officials must take "reasonable measures" to guarantee the safety of inmates).

With respect to the objective component of an Eighth Amendment ETS claim, Plaintiff must establish either that he has a serious medical problem requiring a smoke free environment, *Hunt,* 974 F.2d at 735-36, or that there exists a markedly high level of exposure of second-hand smoke in the institution that creates an unreasonable risk of serious damage to his future health. *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). *Helling* involved a prisoner who was assigned to a cell with an inmate who smoked five packs of cigarettes per day. *Helling,* at 36. In determining that the prisoner had stated a valid cause of action under the Eighth Amendment, the Court implicitly found that exposure to such a dramatic level of environmental tobacco smoke could be actionable.

The Sixth Circuit has held that mere exposure to ETS does not by itself constitute an Eighth Amendment violation. *Hunt, supra,* at 735. Nonetheless, where prisoners can attribute smoke to their medical conditions, appropriate medical treatment is warranted. *Id.*

In the present case, certain facts are undisputed. The MDOC has a no-smoking policy inside the prisons. Some units, including Plaintiff's, are designated "non-smoking," and thus

the purchase and possession of smoking material is prohibited under the relevant policy directives. However, both the Plaintiff's and the Defendants' affidavits, along with the Minor Misconduct Logs, show that other inmates sometimes violate the policy, and therefore, some level of ETS is present in Plaintiff's unit.

However, the Plaintiff's Eighth Amendment claim falters on two grounds. First, the evidence shows that the Defendants took *reasonable*, albeit imperfect steps to assure that the no-smoking policy was complied with. Secondly, Plaintiff has not shown that ETS caused or seriously aggravated a medical condition, or that the level of ETS was so dramatically high as to support an Eighth Amendment violation without reference to a specific medical condition.

As to the reasonableness of Defendants' actions, the evidence shows that there is, in fact, a no-smoking policy at the MDOC. *See* Policy Directive (PD) 01.03.140. Powell's and Gause's affidavits show that random searches of at least 12 cells were made daily, and that tickets were issued to offending prisoners. The Minor Misconduct Logs support Defendants' claim that the no-smoking policy was enforced, and indeed, four prisoners from Plaintiff's unit who were found guilty of smoking were transferred out.

The issue is not whether Defendants could have enforced PD 01.03.140 more vigorously. The question is whether Plaintiff has demonstrated Defendants' deliberate indifference, a higher standard than mere negligence. Had Defendants Powell and Gause devoted all of their energies to enforcing the no-smoking policy, to the exclusion of other rule or disciplinary infractions, perhaps more prisoners would have received tickets. But

even then, having a prisoner transferred to another unit depended on the availability of space elsewhere, a contingency over which these Defendants had no control.

As a panel of the Sixth Circuit stated in *Wilson v. Hofbauer*, 113 Fed.Appx. 651, 653, 2004 WL 2320337(6th Cir. 2004)(unpublished),[2] "imperfect enforcement of the [no-smoking] policy shows, at most, negligence by the defendants, rather than deliberate indifference." *See also Scott v. District of Columbia*, 139 F.3d 940, 944 (D.C. Cir. 1998); *Talal v. White*, 403 F.3d 423, 427 (6th Cir. 2005). As *Scott* noted, "deliberate indifference is characterized by 'obduracy and wantonness'" (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). The conduct of Defendants Powell and Gause does not rise to that level.

Nor has Plaintiff produced any objective evidence–as opposed to anecdotal accounts from other prisoners–that the level of ETS was so extraordinarily high as to satisfy the objective prong of *Helling v. McKinney*. *See Scott, supra*, 139 F.3d at 942 ("Missing entirely from the plaintiffs' affirmative case was any objective evidence of the level of second-hand smoke. There was no 'scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that ... injury to health will actually be caused by exposure.' *Helling,* 509 U.S. at 36, 113 S.Ct. at 2482.").

Furthermore, Plaintiff has not offered any evidence, in the form of medical records or otherwise, to show that he has a serious medical condition that was either caused or

---

[2] A copy of *Wilson* is appended to Defendants' motion.

aggravated by ETS.  Exposure to ETS does not, by itself, support an Eighth Amendment

claim; rather, ETS must be connected to an underlying medical condition. *Hunt v. Reynolds,*

*supra*, 974 F.2d at 735-36.  *See Talal v. White, supra* (summary judgment not appropriate

where Plaintiff produced medical documentation substantiating an ETS allergy that caused

sinus problems and dizziness); *Palacio v. Hofbauer,* 106 Fed. Appx. 1002, 1005, 2004 WL

1987145 (6th Cir.2004) (unpublished) (prisoner who medically substantiated his claim of

bronchitis stated a claim under the Eighth Amendment).

Plaintiff has not alleged that his high blood pressure and glaucoma were caused by

ETS, and there are no records showing that he was treated at the prison clinic for those

conditions, that he is taking medications, or that prison doctors or other medical personnel

determined that he required a smoke-free environment.[3]  *See Wilcox v. Lewis*, 47 Fed.Appx.

714, 715, 2002 WL 31056017 (6th Cir. 2002)(unpublished)("Although there is no dispute that

Wilcox suffers from a serious medical condition, he presented no evidence that ETS had

anything to do with that condition").[4]

In view of this record, no reasonable trier of fact could find either the objective or the

subjective components of an Eighth Amendment claim.  Defendants are therefore entitled to

---

[3]The only evidence in support of the claim that he has a serious medical condition
related to smoke is the Plaintiff's own statement that "the smoke caused severe headaches,
dizziness and increased my blood pressure."  *See* Plaintiff's Affidavit, ¶ 3 (appended to
Plaintiff's Reply Brief). There is no clinical corroboration of that claim, other than Plaintiff's
self-serving and somewhat ambiguous statement that "a male doctor here at the facility
advised me to stay away from the smoke as best I could." *Id.*

[4] A copy of *Wilcox* is appended to Defendants' motion.

summary judgment on the Plaintiff's §1983 claims . *Anderson v. Liberty Lobby, Inc., supra.*

Defendants should also be granted summary judgment on the Plaintiff's state law claim under the Michigan Clean Indoor Air Act. That statute, M.C.L. § 333.12607(a), requires that the state or local governmental agency shall, at a minimum, "[p]ost signs which state that smoking in that public place is prohibited, except in designated smoking areas, pursuant to this part." In addition, the MDOC's policy, contained in PD 01.03.140, states:

> The senior ranking official at each work location shall ensure that a sign is
> posted at all entrances to Department operated buildings and other buildings,
> as appropriate, which reads as follows:
>
> > "Smoking is Prohibited in this Building, Executive Order 1992-
> > 3."

Defendant Gause states in her affidavit that 8" by 8" "No Smoking" signs are posted at the entrance to all housing units. Plaintiff does not dispute this, but argues that (a) the signs do not explicitly refer to Executive Order 1992-3, and (b) the signs are posted *outside* the units, suggesting that Defendants did not take reasonable measures to ensure that smoking would not take place *inside* the units.

First, the Clean Indoor Air Act does not require explicit reference to the "Executive Order," it only requires the placement of signs indicating that smoking is prohibited. To the extent that Plaintiff is arguing that the omission of reference to the Executive Order is technically non-compliant with the literal reading of the Policy Directive, he has not stated a claim under the statute itself. A violation of a policy directive is not actionable in this

Court.  Secondly, there is nothing in the Act that requires posting of a "No Smoking" sign inside a building, as opposed to outside the entrance to a building.

I am not unsympathetic to the Plaintiff's complaints about ETS.  Even small or moderate amounts of second-hand smoke are undoubtedly irritating and obnoxious.  However, the exposure to smoke must cause more than "mere discomfort or inconvenience." *Hunt v. Reynolds, supra*, 974 F.2d at 735.

## IV.   CONCLUSION

I recommend that Defendants' Motion for Summary Judgment [Docket #10 be GRANTED, and the Complaint DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages

in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                    s/R.  Steven Whalen
                                    R.  STEVEN WHALEN
                                    UNITED STATES MAGISTRATE JUDGE